IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY,** | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. **3:11-CV-2755-L** |
| **CLB MANAGEMENT,** *et al.*, | § § § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Zurich American Insurance Company's Motion to Confirm Arbitration Award, filed February 29, 2012 (Doc. 7). Petitioner Zurich American Insurance Company ("Zurich") seeks confirmation of an arbitration award issued August 18, 2011, against CLB Management, Ltd., CLB Partners, Ltd., and CLB Holdings, LLC (collectively, "Respondents"), and entry of judgment in its favor. Based on the relevant filings and applicable law, the court determines that the motion should be and is hereby **granted**.

## I. Background

Zurich and CLB Management, Ltd. ("CLB") entered into written agreements in connection with workers compensation and general liability insurance policies that Zurich issued to CLB. (Doc. 7, 2.) The agreements provided for arbitration of any dispute arising out of the interpretation, performance, or alleged breach of the agreements. The agreements state in pertinent part: "Any dispute arising out of the interpretation, performance, or alleged breach of this Agreement, shall be

**Memorandum Opinion and Order - Page 1**

settled by binding arbitration administered by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules . . . ." (Doc. 1, Exhibit A, ¶ N.)

On June 2, 2010, Zurich demanded arbitration of a dispute that arose between Zurich and CLB regarding payments due and owing to Zurich. (Doc. 1, ¶ 10.) Zurich filed its demand with the AAA. (*Id*.) Pursuant to the arbitration agreement, Zurich appointed Mary Ellen Burns as its arbitrator. (*Id*., ¶ 11.) CLB did not initially appear in the arbitration, and as provided by the terms of the agreements, Zurich selected Nancy Gervinski as the arbitrator for CLB. (*Id*., ¶ 11 and Exh. A, ¶ N.) The party-appointed arbitrators chose Daniel Formeller as the third arbitrator pursuant to the terms of the arbitration agreement. (*Id.,* ¶ 11.) CLB subsequently appeared in the arbitration. *(Id.,* ¶ 12.) CLB Partners, Ltd., and CLB Holdings, LLC, later agreed to be added as respondents to the arbitration proceeding. (*Id*.)

The arbitration was scheduled for January 18, 2011, in Schaumburg, Illinois. (Doc. 1, ¶ 13.) On or about December 16, 2010, however, the parties agreed to resolve their disputes and jointly requested the arbitrators to enter a final award. (*Id*.) On August 18, 2011, the arbitrators confirmed the parties' settlement agreement and entered a final award entitling Zurich to an award of damages from the Respondents, jointly and severally, in the amount of $702,137.85 plus post-award interest at an annual rate of 9 percent (Final Award). (*Id*., Exh. B.) Respondents have failed to satisfy the Final Award. (Doc. 1, ¶ 15.)

Zurich filed this action on October 17, 2011. (Doc. 1.) It served the Respondents and their attorney with a notice of suit and a form Waiver of Service of Summons on November 14, 2011, and Respondents' counsel filed the executed waiver on December 20, 2011. (Doc. 6.) Respondents subsequently failed to file an answer or otherwise respond to the petition. (Doc. 7, 5.) Zurich filed

its motion to confirm the arbitration award on February 29, 2012.  (Doc. 7.)  The Respondents again failed to respond.

## II. Analysis

Zurich seeks entry of the order confirming the August 18, 2011 arbitration award and entry of a judgment in its favor in accordance with the provisions of 9 U.S.C. § 9.

### A.    **Confirmation of Award**

The parties' arbitration agreement provides that "Confirmation of the award may be entered in any court having jurisdiction."  (*Id*., ¶ 16 and Ex. A, ¶ N.6.)  The parties also agreed to arbitrate their disputes in accordance with the AAA's Commercial Arbitration Rules; Commercial Arbitration Rule R-48(c) states that "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."  (*Id*., ¶ 17 and Pet.'s App. 14.)

Pursuant to the Federal Arbitration Act, if the parties have agreed that a judgment of the court shall be entered upon the entry of an arbitration award, then upon application by a party, the court must grant such an order unless the award is vacated, modified, or corrected.  9 U.S.C. § 9.  The record reveals no grounds for vacation, modification or correction of the award pursuant to either 9 U.S.C. §§ 10-11 or any of the non-statutory grounds enunciated by the Fifth Circuit.  *See Glover v. IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003); *Exxon Corp. v. Baton Rouge Oil and Chem. Workers*, 77 F.3d 850, 853 (5th Cir. 1996); *Manville Forest Prods. Corp. v. United Paperworkers Int'l Union*, 831 F.2d 72, 74 (5th Cir. 1987); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164 (5th Cir. 1998).  Accordingly, Zurich is entitled to entry of an order confirming the Final Award.

B.   **Post-judgment Interest**

In addition to confirmation of the Final Award, Zurich also seeks post-judgment interest at the rate of 9% per annum. "The post-judgment interest rate for *all* judgments entered in federal courts, including those in diversity cases, is governed by 28 U.S.C. § 1961." *See Woods v. P.A.M. Transport Inc.-L.U.*, 440 F. App'x 265, 270 (5th Cir. 2011) (emphasis in original). In this case, the Final Award entitles Zurich to recover post-award interest at the requested rate of 9% per annum. (Doc. 1, Exh. B.) Zurich is therefore entitled to recover post-award interest at the rate of 9% per annum from the date of the Final Award, August 18, 2011, until the date of judgment. Zurich will be entitled to recover post-judgment interest at the applicable federal rate[1] from the date of entry of judgment until it is paid in full.

### III. Conclusion

For the reasons explained, Petitioner Zurich American Insurance Company's Motion to Confirm Arbitration Award, filed February 29, 2012 (Doc. 7), is **granted**.

**It is hereby ordered, adjudged, and decreed** that the Final Award dated August 18, 2011, in the arbitration matter between Zurich American Insurance Company and CLB Management, Ltd., CLB Partners, Ltd., and CLB Holdings, LLC awarding Zurich American Insurance Company damages in the amount of $702,137.85, plus post-award interest at the rate of 9% per annum, is in all respects **confirmed**.

**It is further ordered** that Zurich American Insurance Company shall recover **$702,137.85** in damages from CLB Management, Ltd., CLB Partners, Ltd., and CLB Holdings, LLC, as

---

[1] The postjudgment interest rate is based upon the applicable federal rate. *See* 28 U.S.C. § 1961.

**Memorandum Opinion and Order - Page 4**

contemplated by the Final Award, plus post-award interest at the rate of 9% per annum from August 18, 2011, through the date judgment is entered.

**It is further ordered** that Zurich American Insurance Company shall recover post-judgment interest at the applicable federal rate from the date judgment is entered until it is paid in full. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate order.

**It is so ordered** this 19th day of June, 2012.

                                                                               _/s/ Sam A. Lindsay_
                                                                               Sam A. Lindsay
                                                                               United States District Judge